Day, J.
Have the trustees of a township in one county, who have afforded temporary relief to a pauper, a right of action against the board of directors of an infirmary of another county where the pauper has a legal settlement, to recover for the support so furnished ? This question, made on demurrer to the petition, and, on the trial, in the charge of the court to the jury, lies at the foundation of the claim of the plaintiffs in the action, and, as we view it, disposes of the case.
The action cannot be sustained on the ground of a common law liability. The solution of the question, then, depends upon the provisions of the statute which controlled the whole subject of pauper support at the time the alleged cause of action arose, which was before the revision of the statutes on that subject in 1865.
The general theory upon which the legislation for the relief of the poor was framed, was, that each township should bear the burden of sustaining the poor having a legal settlement therein. By the act of May 1, 1854, it was enacted that a person “ who shall reside one year in a township iu this state, shall be considered to have gained a legal settlement in such township; ” and it further provides that a township shall not be released “ from its legal obligations to support any person or persons removing from such township, until such person or persons shall have gained a legal settlement in the township to which such person or persons shall have removed.”
And the same idea forms the basis of all provisions for casting the burden of support on counties, as in case of an incurable lunatic returned from the asylum. (Commissioners of Ashland v. Directors of Richland Infirmary. 7 Ohio St. 65.) Also in counties where there is an infirmary, the general provision of the statute is, “ that no person shall be admitted to any such infirmary as a pauper, unless upon the order or warrant of the trustees of the proper township. *377 directed to the board of directors of the infirmary of the proper county,” showing the legal settlement of the pauper in the township, or other proper ground for his being a stat utory charge on the township. (S. & C. 928, 930 and 933.) Nor in such case is the settlement of the pauper in his proper township lost, but continues as before. Com’rs. of Ashland v. Directors of Richland Infirmary, supra.
In accordance with this general idea, the statute provides : “ That if any person or persons shall become chargeable in any township in which he, she, or they have not gained a legal settlement, it shall be the duty of the trustees of the township to cause such person or persons, so soon as the state of his, her, or their health will permit, to be removed to the township where he, she, or they were last legally settled, if such person or persons have any legal settlement in this State. And the trustees of such township shall receive such pauper or paupers thus removed, and provide for his, her or their maintenance, in the manner prescribed by this act. And the township in which such pauper or paupers have gained a legal settlement, and to which he, she, or they are transported, shall pay to the said trustees of the township which have thus transported and removed said pauper or paupers, all reasonable charges for such support and removal, and upon refusal, may be compelled, by a civil action brought against the trustees of said township, before the probate court or court of common pleas of the county in which either or both of the townships may be situated ; and the trustees of each and every township in this State are hereby empowered to sustain said action against the trustees of any other township in this State, for thus.supporting and removing their own paupers.” (S. & C. 925.)
Again, provision was made, where non-resident pei-sons were admitted to an infirmary under special provisions of the statute, for their removal to the proper place of their residence, by the directors of the infirmary, for which purpose all the powers of township trustees were conferred upon them, (S. & C. 929,) but no provision is made for re *378 turning paupers having a legal settlement in the county to the directors of the iufirmary, nor for subjecting them to liability like that of trustees of a township in such cases.
Thus an ample remedy was provided for a township or a county that furnished needed support to a non-resident pauper. In either case it was against the township where the pauper had a legal settlement; and no other remedy was provided. Indeed a return of a non-resident pauper to the infirmary of the county of his residence would seem to be inconsistent with the system upon which paupers were ad mitted in the first instance to the infirmary, or, after being discharged therefrom by the directors as authorised by the statute, to bo again admitted except on the proper warrant of the township trustees.
Moreover, in a case where, either by express provision of the statute or upon the general equity of the system of the poor laws, a county instead of a township is properly chargeable with the support of a pauper, the claim would be against the county, and, in the absence of other special provision, an action thereon, it would seem on principle, should be brought against the ^commissioners of the county, who are the general representatives of its corporate authority. At all events, the plaintiffs below had a plain statutory remedy against the trustees of the township where the pauper had a legal settlement. The statute conferred upon them no right of action against the directors of the infirmary; on the contrary such an action would seem to be against its theory and spirit.
It results that the court erred in overuling the demurrer to the petition, and in refusing to charge as requested by the plaintiffs in error. The judgment must, therefore, be reversed, and the cause remanded to the court of common pleas for further proceedings.
Welch, C.J., and White, McIvaine and West, J.J., concurred.